UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff,<br>  v.<br>WALTER CHINCHILLA-LINAR,<br>      Defendant. | No. CR 08-00730 WHA-12<br><br>**ORDER DENYING WALTER CHINCHILLA-LINAR'S MOTION FOR COMPASSIONATE RELEASE** |

Movant Walter Chinchilla-Linar, 35, moves for a reduction of his sentence to time-served. He has fully exhausted his administrative remedies, affording jurisdiction to the district court. He has served more than thirteen years out of a twenty-year sentence, imposed pursuant to a plea agreement in 2011 for racketeering conspiracy and conspiracy to commit murder in aid of racketeering (Dkt. No. 6839 at 2). He was found liable for the murder of Ivan Miranda, having participated in a retaliatory effort to find and attack Miranda, a suspected Norteño gang member. Mr. Chinchilla-Linar acted as a lookout.

Under 18 U.S.C. § 3582(c)(1)(A), a district court may modify a term of imprisonment:

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of [the BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

In determining whether to modify a term of imprisonment, a district court must consider the factors in 18 U.S.C. § 3553(a) and find that "extraordinary and compelling reasons warrant such a reduction," "and that such a reduction is consistent with applicable policy statements

issued by the Sentencing Commission." Our court of appeals recently found in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021), however, that no policy statement from the Sentencing Commission currently applies.

Mr. Chinchilla-Linar's anticipated release date is October 22, 2026. Inmate Locator (accessed Mar. 16, 2022), https://www.bop.gov/mobile/find_inmate/byname.jsp (*see* Dkt. Nos. 3372, 3438). As a citizen of Guatemala with a current Immigration and Customs Enforcement (ICE) "hold," according to defense counsel, he will most likely be deported upon his release (Dkt. No. 6839 at 2).

Mr. Chinchilla-Linar requests release for the following reasons: the heightened risk of contracting COVID-19 in prisons, where mismanagement has allegedly allowed infections to spread rampantly; his health conditions, which, he contends, put him at heightened risk of serious illness or death were he to contract COVID-19 (an inadequately-treated hernia, chest pain and obesity, and being "positive for" tuberculosis); and because Mr. Chinchilla-Linar's mother, Bilda Linar, requires caretaking in part due to suffering from depression and post-traumatic stress disorder, among other ailments (Dkt. No. 6795-7).

*First*, this order finds that Mr. Chinchilla-Linar's medical conditions offer a weak showing. With respect to the hernia, the record herein appears to show that Mr. Chinchilla-Linar suffered a botched surgery to repair a testicular hernia, which continues to pain him. As of January 2022, he was apparently told that he could have a further repair operation but as of February 2022 nothing had apparently been scheduled (Dkt. No. 6839). Some district courts have found medical indifference a triggering event for compassionate release. *See, e.g.*, *United States v. Agomuoh*, 461 F. Supp. 3d 626, 636 (E.D. Mich. 2020) (major heart disease). The degree of neglect, however, must appear extreme and this does not. *See, e.g.*, *United States v. Brown*, 411 F. Supp. 3d 446, 452 (S.D. Iowa 2019), *order amended on reconsideration*, 457 F. Supp. 3d 691 (S.D. Iowa 2020) (declining relief where botched BOP surgery "led to severe complications . . . [and] permanent nerve damage"). Mr. Chinchilla-Linar has not advocated that a lack of medical care has led to the requisite degree of negative outcome, such as a very serious inability to care for oneself or extreme health risk. *See ibid.*

As for chest pain, Mr. Chinchilla-Linar's medical records reveal that doctors believed he suffered from gastro-esophageal reflux disease with esophagitis, without bleeding, as of December 2020 (Peng Decl. Exh. A at 14).  This is a treatable condition that does not on its own comprise a triggering event under Section 3582(c)(1)(A).

As for tuberculosis, the "positive" results date from 2011–2014 and show he has "latent" tuberculosis, which appears to put individuals at an elevated risk of serious illness if they contract COVID-19.  As for obesity, Mr. Chinchilla-Linar's height is unknown.  His weight, 169 pounds as of October 30, 2020, may put him at above-average risk of hospitalization, again, if he were to contract COVID-19 (*id*. at 23).  *See* Fiona P. Havers, et. al, COVID-19-associated hospitalizations among vaccinated and unvaccinated adults ≥18 years, medRxiv, https://www.medrxiv.org/content/10.1101/2021.08. 27.21262356v1.full#T3 (Preprint).

Mr. Chinchilla-Linar is relatively young, thus mitigating somewhat his risk factors for serious illness due to COVID-19.  Finally, relevant to health, this order notes that Mr. Chinchilla-Linar is fully-vaccinated against COVID-19.  At this stage of the pandemic, the vaccine offers more protection to those in BOP custody than was available at the beginning of the pandemic, when many compassionate release motions were granted.  This relatively increased safety somewhat weakens his argument for compassionate release.

For purposes of this motion, Mr. Chinchilla-Linar has not identified a medical condition that places him at an adequately-aggravated risk of serious illness or death from COVID-19.

*Second*, this order extends sympathy to Mr. Chinchilla-Linar's mother and her struggles.  Her need for his aid, however, does not rise to the level of an extraordinary reason for release.

*Third*, the underlying crime demanded the twenty-year sentence to reflect the grave offense Mr. Chinchilla-Linar committed.  He has served approximately thirteen years, but this does not yet reflect the seriousness of the crime or provide just punishment for the offense.

*Fourth*, it is unclear whether, or not, supervised release and/or home confinement would be available to Mr. Chinchilla-Linar given the ICE hold.  Assuming so, these other types of sentences would not provide just punishment.

*Fifth*, Mr. Chinchilla-Linar's relative dearth of rehabilitative efforts do not aid his cause. His supplemental declaration and supporting documentation, detailing some of the programs in which he has participated at the BOP (which summary itself appears out-of-date (June 2018)), indicates that he completed various classes, including art, sports, and health, between 2011 and 2018 (Chinchilla-Linar Decl. Exh. A). It is unknown whether, or not, he completed other programs in the meantime. Overall, however, the sentencing guidelines provided a just sentence.

*Sixth*, the BOP record of disciplinary violations provides a barebones description. Our supplemental record herein indicates that Mr. Chinchilla-Linar was "rarely" offered an interpreter for associated proceedings. Additionally, he now declares further details: of the four incidents, one occurred in 2013 (a fight over a soccer match – no injuries); one in 2016 (possession of suboxone); one in 2017 (possession of home-made alcohol); and finally one on Christmas Eve 2020 (possession of a device made with nail clippers and copper wire, used to make a heating coil and boil water for cooking "a Christmas meal") (*id*. ¶¶ 5–8). None of these events "appear" gang-related, according to defense counsel. For purposes of this order, we credit defense counsel's characterization. Furthermore, Mr. Chinchilla-Linar's security classification has been reduced from "high" to "medium" (Dkt. No. 6839-4). True, his violations rank as moderate given his lengthy sentence and the age of the more serious incidents.

All factors considered, however, too much remains on Mr. Chinchilla-Linar's original sentence for what was an extremely serious offense. The motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 17, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE